**MISSOURI PACIFIC RAILROAD CO.,**
**and Union Pacific Railroad Co.,**
**Defendants/Appellants.**

**No. 65373.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 1, 1994.

Stephen M. Buckley, St. Louis, for appellants.

Jerome J. Schlichter, Robert S. Bogard, Steven L. Groves, Schlichter, Bogard, & Denton, St. Louis, for respondent.

Before AHRENS, P.J., and SIMON and KAROHL, JJ.

**Roger D. EASTEP, Appellant,**

v.

**BANKERS UNITED LIFE ASSURANCE COMPANY, Respondent.**

**No. WD 48937.**

Missouri Court of Appeals,
Western District.

Nov. 8, 1994.

Andrew C. Webb, Sedalia, for appellant.

Rudolph L. Veit, Jefferson City, for respondent.

Before KENNEDY, P.J., and
BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

Roger D. Eastep sued his insurance carrier, Bankers United Life Assurance Company, for breach of contract and vexatious refusal to pay his claim for cataract surgery. The trial court granted summary judgment in favor of Bankers after determining that Eastep's condition existed before he bought his insurance, so Bankers is not liable under its contract with Eastep. Eastep appeals, and we affirm.

■ When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom the judgment was entered and accord the non-moving party the benefit of all reasonable inferences. *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation,* 854 S.W.2d 371, 376 (Mo. banc 1993).

■ The record established that Eastep began experiencing blurry and foggy vision. He had no health insurance. He went to see an optometrist, Brett H. Liesemeyer, on March 26, 1990. Liesemeyer tested Eastep's vision, and, according to Eastep, told him that "he couldn't do [Eastep] any good with glasses." Liesemeyer referred Eastep to an ophthalmologist. Liesemeyer entered in his medical records that Eastep had "dense posterior subcapsular cataracts." Eastep claims that at no time did Liesemeyer tell him he had cataracts or even discuss cataracts generally. Eastep admits, however, that cataracts were the cause of his eye problems which motivated his consulting Liesemeyer.

After Liesemeyer's examination, Eastep's employer procured health insurance for Eastep from Bankers. The effective date of that policy was May 1, 1990. The policy contained a pre-existing condition clause which stated:

B. Limitations and Exclusions

Unless specific exceptions to the following limitations and exclusions are made, no benefits shall be payable under this Part for any expenses caused by, incurred for, or resulting from:

. . . .

aa. Expenses incurred in connection with a bodily injury or sickness for which medical treatment (including the taking of any medication prescribed by a physician), advice or consultation was rendered to an Insured Person within twelve (12) months prior to the effective date of his insurance under this Part until:

1) a continuous period of at least twelve (12) months ending while insured under this Part has elapsed during which period no medical treatment (including the taking of any medicine prescribed by a physician), advice or consultation was rendered and no expense was incurred for or on account of such bodily injury or sickness or for or on account of any complications therefrom; or

2) a continuous period of twelve (12) months has elapsed during which he was insured under this Part;

whichever occurs first.

On May 30, 1990, and August 8, 1990, Eastep had surgery for cataracts. Eastep later submitted a claim to Bankers for the costs of his cataract surgery. Bankers de-

nied coverage and refused to pay Eastep's claim because it concluded that the cataracts were a pre-existing condition.

Eastep asserts the trial court erroneously granted Bankers' motion for summary judgment because a genuine issue of material fact remains as to whether Liesemeyer rendered medical treatment for cataracts or advised or consulted with Eastep about the cataracts. We disagree.

Eastep admits that he saw Liesemeyer for eye problems on March 26, 1990. He also admits cataracts caused his eye problems, but he claims that he was not aware that he had cataracts until he consulted the ophthalmologist. He urges us to hold that because he sought treatment for eye problems, but not specifically cataracts, his cataracts were not a pre-existing condition.

We conclude that Eastep's knowledge of whether or not he had cataracts on the date he saw Liesemeyer is irrelevant. The issue is whether or not he sought treatment for cataracts within the 12 months prior to the effective date of the policy. Eastep received treatment for his eye problems from Liesemeyer on March 26, 1990, whether or not he knew cataracts were the cause. This treatment was given approximately five weeks before the policy's effective date. Thus, Eastep's cataracts were a pre-existing condition and were properly excluded from coverage by Bankers.

The trial court did not err in granting summary judgment in Bankers' favor.

All concur.